BROWN, ADMX., *v.* THE BALTIMORE & OHIO RD. CO. ET AL.

(Decided May 22, 1934.)

*Mr. Walter S. Harlan,* for plaintiff in error.

*Messrs. Shotts & Millikin, Messrs. Waite, Schindel & Bayless, Mr. Herbert Shaffer* and *Mr. Philip J. Schneider,* for defendant in error The Baltimore & Ohio Railroad Company.

*Mr. John W. Congdon* and *Mr. M. O. Burns,* for defendant in error the village of Trenton.

HAMILTON, P. J. This is a wrongful death case. At the close of the plaintiff's evidence, the court, on motion of the defendants, instructed a verdict for the defendants. Judgment was entered on that instructed verdict, and from that judgment error is prosecuted to this court.

The parties stand here in the same order in which they were in the trial court.

It appears from the record that the plaintiff's decedent, Ruth Moore, was riding with two men in a Ford coupe, traveling from Middletown in a southerly course on a public highway leading in and through the village of Trenton. The Baltimore and Ohio Railroad passes through the village of Trenton. Just east of the tracks of the railroad company, in the center of the street, there is maintained a warning signal of the railroad company, erected on a concrete base. The plaintiff's decedent and the two men, the automobile being driven by one of the men, were approaching Trenton about 12:30 a. m. It was a dark, misty night, making automobile travel somewhat difficult. The automobile struck the concrete base of the warning

signal, was overturned, and rolled onto the tracks of the railroad company. A train on defendant's tracks was rapidly approaching. One of the men succeeded in extricating himself from the wrecked automobile and got clear of the tracks. The train struck the other two passengers of the automobile, resulting in the death of both.

The petition charges that The Baltimore & Ohio Railroad Company, on the request, inducement, and procurement of the village of Trenton, had constructed the concrete block with the warning signal thereon; that both the railroad company and the village of Trenton were guilty of negligence in locating and constructing the concrete block in the center of the street, and in permitting it to remain in the street; that it was negligently established, constructed and maintained in said street without any lawful right or authority, and that it constituted a public menace and public nuisance.

The village of Trenton answered, denying that it had any part in the construction of the concrete block as a warning signal, and denied generally the allegations of the petition.

The railroad company answered, admitting that it constructed and maintains an automatic electric signal device or flasher light to warn travelers on the highway of their approach to said railroad crossing; that said signal device is a round iron pole, standing upright about 15 feet, 9 inches, which is bolted to a concrete block imbedded in the street, that near the top of said pole are cross-arms extending horizontally to said highway with the words "Railroad Crossing" painted in black letters on a white background, facing oncoming travelers on said highway who are about to approach said railroad crossing. These cross-arms extend out about 34 inches northwardly and southwardly from said pole; and at the very top of said pole is an electric light reflecting downward over said cross-arms, and lighting the entire safety device struc-

ture. At about the middle of the pole are two red electric lights suspended from arms extending out about 16 inches from the pole and facing oncoming travelers on said highway approaching said crossing. These red lights flash on and off when a train is approaching the crossing. Near the bottom of the pole, about 15½ inches from said concrete base, is a square block containing sixteen red reflector mirrors facing the approach to said crossing to reflect the headlights and to warn travelers on the highway of their approach to said railroad crossing.

The railroad company denies that the village of Trenton had any part in the erection or maintenance of this warning device or the concrete block; that it, the railroad company, located, constructed, owns, operates and maintains this warning signal for the protection of travelers on the highway, and does so solely to warn travelers of their approach to said railroad crossing.

Both answers charge contributory negligence.

As heretofore stated, at the close of the plaintiff's evidence the court, on motion, instructed a verdict for the defendants.

The question then is: Was there any evidence in behalf of the plaintiff, taken in its most favorable light, to entitle her to have the consideration of the jury on the question of negligence? The issues are simple.

Plaintiff's counsel, as indicated in the brief, seems to be of the opinion that the erection of the structure in the street was negligence *per se*. This is not the law. It is the law that it is the duty of the village to keep its streets open, in repair, and free from nuisance.

The decisions of the courts involving the construction of loading platforms are applicable here. The law is that such structures for the protection of the public, although constructed in the streets, are not nuisances *per se*, but may become such if not properly

lighted, or if proper warnings are not given to advise the public of the presence of the structure.

If the structure in the instant case was without light or warning, and was permitted to remain in that way in the street by the village with full knowledge, it would constitute negligence in maintaining a public nuisance. But if properly protected by warning lights, the village would not be liable for maintaining a nuisance. Before the village could be held liable for maintaining a nuisance under the statutory liability the evidence would have to show that the village had actual or constructive notice of the maintenance of the structure in question without protection to the traveling public in the way of a warning signal or light. There is no evidence offered to show any such knowledge, either actual or constructive, on the part of the village, and the trial court was correct in instructing a verdict in favor of the village of Trenton. Therefore, as to it, the judgment is affirmed.

The remaining question as against the railroad company is whether or not the signal was lighted, or effective warning given the traveling public—in this case, plaintiff, present plaintiff in error.

There were but three witnesses in the case. The first witness called introduced measurements and photographs taken after the accident. The concrete block and warning signal were practically in the center of the street, leaving about 18 feet on each side for the traveling public. This is shown by this witness, and is the only important matter in his evidence.

The next witness was Shelby Neeley, the other man riding in the automobile which was wrecked, but who escaped injury. He testified to the fact that he, together with one Jesse McGeorge and plaintiff's decedent, were riding in an automobile on March 29, 1931, from Middletown to Cincinnati; that Jesse McGeorge was driving the car; that it was about 12:30 or 12:45 a. m.; that there was a misty rain, kind of

foggy; that as they approached the village of Trenton from the east Jesse McGeorge was driving; that all three people were seated on one seat, as it was a one-seated car, and that as they approached the village of Trenton they hit a piece of concrete in the road, the machine turned over, and the machine stopped on the railroad track very close to the middle. He further recites the death of McGeorge and plaintiff's decedent, Miss Moore; and says that the left front wheel of the car hit the concrete abutment. Then follows this evidence:

"Q. What if anything was there to indicate to show to you that the block was there? A. There wasn't no light there.

"Q. Did you have any knowledge that the block was there? A. Well no I didn't. I knew the crossing was there but I didn't have no knowledge the block was there.

"Q. Could you see it? A. I couldn't know.

"Q. Beg pardon? A. No I didn't see it.

"Q. Was there any lights flashing off and on indicating that block? A. No sir, there was not. * * *

"Q. You may state whether or not if there had been lights on that block or on the flasher light you would have seen them? A. I would have saw them."

In the face of this evidence, the court can not say as a matter of law that the concrete block with warning signal was properly lighted, or lighted sufficiently to warn travelers on the public highway. The maintenance of the block and signal by the railroad company required this precautionary measure. It owed this duty to the traveling public, and the failure to have the proper warning signal would be negligence, and if that negligence was the proximate cause of the injury and death of the plaintiff's decedent the railroad company would be liable.

Error is claimed on the part of the court in refusing to permit plaintiff to reopen the case for the pur-

pose of showing by the records of the Public Utilities Commission that it had issued no order to the railroad company for the placing of the warning signal in question.

As we understand the law, as provided by the General Code, it is that the Public Utilities Commission may make orders, regulating safety devices at a crossing, and may even compel the maintenance of a watchman and guards. Conceding that the commission had made no such orders in this case, that would not prevent the railroad company from taking such precautionary measures for the protection of the traveling public as seemed necessary, when no authority from the Public Utilities Commission would be necessary.

The railroad company had a right, with the acquiescence of the village, to place the warning signal as it did. In any event it was not a nuisance *per se,* and the plaintiff in error was not prejudiced by the refusal of the trial court to re-open the case for the purpose suggested.

The judgment of the trial court will be affirmed as to its judgment in favor of the village of Trenton, but the court was in error in directing a verdict for the railroad company under the facts as herein pointed out.

Judgment in favor of the village of Trenton affirmed, and judgment in favor of the defendant, The Baltimore & Ohio Railroad Company, reversed, and the cause is remanded for a new trial as to it.

*Judgment affirmed in part and reversed in part and cause remanded.*

Ross and Williams, JJ., the latter of the Sixth Appellate District, sitting by designation, concur.